IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KENNETH BATTLE, | § § | |
| *Plaintiff,* | § § § | SA-19-CV-01288-DAE |
| vs. | § § | |
| CANTERA PSYCHIATRY, PRETRIAL SERVICES, BEXAR COUNTY; DISTRICT ATTORNEY, BEXAR COUNTY; AND SAN ANTONIO POLICE DEPARTMENT, | § § § § § § | |
| *Defendants.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1] and Plaintiff's *pro se* Motion for Appointment of Counsel [#2]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motions, Plaintiff seeks leave to proceed in forma pauperis ("IFP") based on his inability to afford court fees and costs and requests the appointment of an attorney to represent him in this case. Having considered the motions and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, deny the motion to appoint counsel, and order Plaintiff to file a more definite statement regarding his allegations in this case.

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed, receives $1063 in monthly disability payments, and has no assets or savings.  This information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

## II. Appointment of Counsel

Courts may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in IFP proceedings.  Under § 1915(e)(1), the Court has discretion to appoint an attorney to represent a litigant in federal court, but there is no right to the automatic appointment of counsel in a civil case.  *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  Appointment of counsel in a civil case is considered a privilege, not a constitutional right, and should be allowed only in exceptional circumstances.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86.  In evaluating whether the appointment of counsel is proper under § 1915(e), the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence.  *See Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001).

Plaintiff has not demonstrated that exceptional circumstances are present in his case or that, based on the record, appointment of counsel is appropriate under the applicable legal standard under 28 U.S.C. § 1915(e).  The Court will deny Plaintiff's request for counsel at this time, particularly in light of the fact that the Court is ordering Plaintiff to file a more definite

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

statement to determine whether the Court will even serve his proposed Complaint on Defendants. Plaintiff may renew his request for counsel at a later date if this case proceeds beyond service.

### III.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Complaint [#1-1] names Cantera Psychiatry, Bexar County Pretrial Services, the Bexar County District Attorney, and the San Antonio Police Department as Defendants in this action. Plaintiff's Complaint is on the Court's form Complaint for Violation of Civil Rights, which provides various questions and directives to Plaintiff to assist him in presenting the factual basis of his case to the Court.  Although Plaintiff used the appropriate form, he failed to complete several sections of the form that provide the Court with information necessary to evaluate his claims.  Aside from listing the Defendants, the only additional information Plaintiff provides is that the events giving rise to his lawsuit occurred on April 17, 2019; an individual named Angela McGowan was also somehow involved; and his cane was taken away from him while his feet were shackled for two days, causing him blurred vision.  (Proposed Compl. [#1-1] at 5.)

If the Court were to review only this Complaint, it would have no understanding of the factual basis of this case.  However, Plaintiff attaches a number of documents to his proposed Complaint and his Motion for Appointment of Counsel, including additional information written

---

[2] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous or fails to state a claim, but is not required to screen non-prisoner cases at the outset.  In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint prior to docketing or as soon as possible.  *See* 28 U.S.C. § 1915A(a).

by Plaintiff, state-court documents, and letters from attorneys Plaintiff contacted in seeking representation. (Exs. [#1-2]; Ltr. [#2] at 4–5.) Considering this set of documents altogether, the Court is able to discern the general basis of this lawsuit, but there are still not sufficient factual allegations before the Court to discern whether this case presents a plausible cause of action warranting service on Defendants.

Construing all of Plaintiff's submissions liberally, it appears he is alleging that he was falsely arrested and searched without probable cause on April 17, 2019 for criminal trespass at the office of Defendant Cantera Psychiatry ("Cantera"). Plaintiff claims that he is the full-time caregiver and power of attorney for Ms. McGowan, who had an appointment with her psychiatrist at Cantera that day. Plaintiff also makes allegations regarding the process he was given after the arrest. He claims that he was required to spend two days in jail without his diabetes medication or cane as a result of the arrest; Cantera's videotapes of the arrest and search improperly "disappeared"; the District Attorney prosecuted him using a false police report; and he was not given a jury trial. Plaintiff lists the following causes of action in one of his attached documents: race discrimination; disability discrimination; age discrimination; sex discrimination; violations of the Sixth and Fourteenth Amendments; false arrest; false imprisonment; defamation; slander; emotional distress; and violations of 42 U.S.C. § 1983. (Ex. [#1-2] at 1.) To assist the Court in understanding whether any of these claims are plausible based on the facts at issue, the Court will order Plaintiff to file a More Definite Statement answering the questions listed in the order below.

### IV. Conclusion

In summary, the Court will grant Plaintiff's motion to proceed IFP, deny his motion to appoint counsel, and order Plaintiff to file a more definite statement.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's *pro se* Motion for Appointment of Counsel [#2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1, #1-2] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.  <u>Service upon Defendant should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that **within 21 days of this Order (on or before November 27, 2019)**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court by answering the following questions:

1. What occurred on April 17, 2019 at Cantera Psychiatry?  Why were you there?  Who else was present on April 17, 2019 and witnessed any of the events that you are complaining about? Had you been to Cantera Psychiatry before?  What were you told by employees of Cantera Psychiatry in the past and on April 17, 2019 about visiting this office?

2. Can you name or describe the Cantera Psychiatry employees involved in the events on April 17, 2019?  How were you harmed by these employees?  What specific actions did Cantera Psychiatry employees take that caused you harm?

3. Why was the San Antonio Police Department called on April 17, 2019?  Were you asked to leave the premises of Cantera Psychiatry by the police department or Cantera Psychiatry employees?  Can you name or describe the San Antonio Police Department officers involved that day? How many police officers were involved? Were you arrested?  How else were you harmed by these officers?  What specific actions did the San Antonio Police Department officers take that caused you harm?

4. Were you taken to jail?  What happened when you were in jail?  What specific actions did Bexar County Pretrial Services take that caused you harm?  Do you remember or can you describe any of the individuals involved in your detention, including but not limited to employees of Bexar County Pretrial Services, that you believe caused you harm?

5. Were you charged with the crime of criminal trespass? Was there a criminal trial? Did the District Attorney obtain a conviction for a crime? Did you receive a sentence for a crime? Did you serve a sentence for the crime? What do you believe the District Attorney did that caused you harm?

Plaintiff shall include the following declaration at the end of his more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this day of 2019.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 6th day of November, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE