IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KENNETH BATTLE, | § | |
| *Plaintiff,* | § | SA-19-CV-01288-DAE |
| vs. | § | |
| CANTERA PSYCHIATRY; PRETRIAL SERVICES, BEXAR COUNTY; DISTRICT ATTORNEY, BEXAR COUNTY; AND SAN ANTONIO POLICE DEPARTMENT, | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns the review of the pleadings pursuant to 28 U.S.C. § 1915(e). All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Complaint be dismissed because Plaintiff fails to state a claim upon which relief may be granted.

**I. Legal Standard**

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A claim

should be dismissed for failure to state a claim upon which relief may be granted where a plaintiff's allegations fail to plead factual content that would allow a court to conclude that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II. Procedural Background

On November 6, 2019, the Court granted Plaintiff's motion to proceed *in forma pauperis* but ordered that Plaintiff file a more definite statement to clarify some identified deficiencies in his proposed Complaint [#4]. The Court ordered that Plaintiff's Complaint be filed but that service be withheld pending the Court's review of the more definite statement. Plaintiff timely filed his More Definite Statement on November 19, 2019 [#6]. Since that filing, Plaintiff has also filed two Advisories [#7, #8], as well as an Amended Complaint [#9]. In undertaking this review of the pleadings, the Court considers all of these filings as a whole to evaluate whether Plaintiff has stated a non-frivolous claim upon which relief could plausibly be granted. For the reasons that follow, it is recommended that the District Court dismiss Plaintiff's Complaint and Amended Complaint under Section 1915(e).

Plaintiff's Complaint [#5] names Cantera Psychiatry, Bexar County Pretrial Services, the Bexar County District Attorney, and the San Antonio Police Department as Defendants in this action. Plaintiff's Complaint is on the Court's form entitled "Complaint for Violation of Civil Rights," which provides various questions and directives to a complaining party to assist that party in presenting the factual basis of his case to the Court. Although Plaintiff used the appropriate form, he failed to complete several sections of the form that provide the Court with information necessary to evaluate his claims. Aside from listing the Defendants, the only additional information Plaintiff provided is that the events giving rise to his lawsuit occurred on

April 17, 2019; an individual named Angela McGowan was also somehow involved; and his cane was taken away from him while his feet were shackled for two days, causing him blurred vision. (Compl. [#5] at 5.)

If the Court were to review only this Complaint, it would have no understanding of the factual basis of this case. However, Plaintiff attaches a number of documents to his Complaint, including additional information written by Plaintiff, state-court documents, and letters from attorneys Plaintiff contacted in seeking representation. (Exs. [#1-2]; Ltr. [#2] at 4–5.) Construing all of Plaintiff's submissions liberally, and considering Plaintiff's More Definite Statement and Amended Complaint (which contain many of the same documents), it appears Plaintiff is alleging that he was falsely arrested and searched without probable cause on April 17, 2019 for criminal trespass at the office of Defendant Cantera Psychiatry ("Cantera"). Plaintiff claims that he is the full-time caregiver and power of attorney for Ms. McGowan, who had an appointment with her psychiatrist at Cantera that day. Plaintiff also makes allegations regarding the process he was given after the arrest. He claims that he was required to spend two days in jail without his diabetes medication or cane as a result of the arrest; Cantera's videotapes of the arrest and search improperly "disappeared"; the District Attorney prosecuted him using a false police report; and he was not given a jury trial. Plaintiff lists the following causes of action in one of his attached documents and his Amended Complaint: race discrimination; disability discrimination; age discrimination; sex discrimination; violations of the Sixth and Fourteenth Amendments; false arrest; false imprisonment; defamation; slander; emotional distress; and violations of 42 U.S.C. § 1983. (Ex. [#1-2] at 1; Am. Compl. [#9] at 3.)

### III. Analysis

The facts as alleged by Plaintiff do not state a claim of race, disability, age, or sex discrimination, as Plaintiff does not allege that he suffered discrimination on the basis of any of these categories, only that he was not given his cane and medication while in jail. Federal law prohibits discrimination against any individual for membership in one of these protected classes in certain contexts—*e.g.*, employment and education—but none that is applicable here. Nor do Plaintiff's facts state a claim for defamation or slander, as he has not alleged that any person published false statements about him, only that he was falsely arrested and imprisoned. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (reciting elements of a defamation claim under Texas law). Plaintiff also has not stated a plausible claim for intentional infliction of emotional distress, as this cause of action requires conduct of a level of severity and outrageousness not encompassed by the factual allegations here. *See Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 400 (5th Cir. 1996) (reciting elements and severity of Texas tort of intentional infliction of emotional distress). There is also no plausible claim for a violation of Plaintiff's Sixth Amendment right to a speedy trial pursuant to Section 1983, as Plaintiff does not allege he was ever indicted, only detained following his arrest and then released on bond. *See Quinn v. Roach*, 326 Fed. App'x 280, 290 (5th Cir. 2009).

The only potentially plausible claims asserted by Plaintiff are his claims of false arrest and false imprisonment, but Plaintiff has failed to sue the correct Defendant. Construing Plaintiff's claims liberally, Plaintiff alleges he was arrested without probable cause based on a false police report for criminal trespass, despite the fact that he had never before been told not to visit the offices of Cantera Psychiatry. (More Definite Statement [#6] at ¶¶ 1–3.) False arrest and false imprisonment are recognized as "constitutional torts" giving rise to a claim under §

1983 for a violation of the Fourth Amendment where it is shown that the plaintiff was arrested and detained without probable cause, even if the arrest is completed pursuant to a warrant. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655–56 (5th Cir. 2004). But only a state actor, *i.e.*, someone acting under color of state law, can be liable under Section 1983, unless there are allegations that a private citizen conspired with or acted in concert with the state actors. *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004).

Cantera Psychiatry is not a state actor, and Plaintiff does not allege a conspiracy between Cantera and the police officers responsible for his arrest. To allege a § 1983 claim against a private actor, "the plaintiff must allege facts showing an agreement or meeting of the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right . . . ." *Polacek v. Kemper County, Miss.*, 739 F. Supp. 2d 948, 952 (S.D. Miss. 2010) (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989)). Plaintiff fails to do so.

Moreover, Plaintiff has not named any individual Defendants in this lawsuit. Accordingly, as to Plaintiff's arrest allegations, the San Antonio Police Department as a municipal entity can only be liable if it acts pursuant to a municipal policy or custom. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (municipal liability under § 1983 requires proof of a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom). Plaintiff does not identify any policy or custom that is the moving force behind his false arrest such that San Antonio Police Department, as a municipal entity, could be liable under § 1983. Plaintiff's § 1983 claim must therefore be dismissed as frivolous unless Plaintiff can identify in his objections to this report and recommendation the individual officers he alleges arrested and detained him without probable

cause, the individual Cantera Psychiatry employees he alleges conspired against him in effectuating the arrest, and sufficient facts demonstrating the conspiracy.

Plaintiff could also be attempting to advance a Texas claim of false arrest or false imprisonment, which is not limited to state actors. *Albright v. Longview Police Dep't*, 884 F.2d 835, 842 (5th Cir. 1989) (citing *Dupree v. Piggly Wiggly Shop Rite Foods Inc.*, 542 S.W.2d 882, 889 (Tex. Civ. App.—Corpus Christi 1976, writ ref'd n.r.e.). In Texas, "[t]he elements of false arrest and false imprisonment are similar enough to be indistinguishable." *Villegas v. Griffin Indus.*, 975 S.W.2d 745, 754 (Tex. App.—Corpus Christi 1998, no pet.). To establish the intentional torts of false arrest or false imprisonment, the plaintiff must show (1) willful detention, (2) without consent, and (3) without authority of law. *Lewis v. Cont'l Airlines, Inc.*, 80 F. Supp. 2d 686, 701 (S.D. Tex. 1999). This claim is not available against the City of San Antonio, however, as the Texas Tort Claims Act specifically exempts intentional torts from the waiver of immunity. *City of San Antonio v. Dunn*, 796 S.W.2d 258, 261 (Tex. App.—San Antonio 1990, writ denied) (citing Tex. Civ. Prac. & Rem. Code. § 101.057(2)); *see also Hobart v. City of Stafford*, 784 F. Supp. 2d 732, 758 (S.D. Tex. 2011) (municipalities also enjoy immunity from tort liability under Texas Tort Claims Act). The San Antonio Police Department therefore cannot be liable for false arrest under Texas law. *See Dunn*, 796 S.W.2d at 261.

Nor can Plaintiff replead his false arrest claim against the individual San Antonio police officers. This is because "[t]he filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code § 101.106(a). *See also Sinegal v. City of El Paso*, No. EP-19-CV-107-KC, 2019 WL 6205780, at *11 (W.D. Tex. Nov. 5, 2019) ("[B]y the

plain language of this provision and the gloss placed on it by Texas courts, Plaintiff may not file any tort claim against the Officers now that he has made the irrevocable election to sue the City.").

Again, Plaintiff does not allege that Cantera Psychiatry was responsible for his willful detention. Plaintiff has also failed to assert any allegations as to how Bexar County Pretrial Services was responsible for his arrest and detention. Furthermore, Plaintiff does not allege he was indicted or how the Bexar County District Attorney was otherwise involved in his arrest and detention. Plaintiff fails to state a claim of false arrest and imprisonment against these Defendants under § 1983 or Texas tort law.

## IV. Conclusion and Recommendation

Having considered Plaintiff's Complaint, More Definite Statement, and Amended Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends Plaintiff's claims be **DISMISSED** for failure to state a claim upon which relief can be granted.

However, if Plaintiff is able to identify the individual officers of the San Antonio Police Department allegedly responsible for his false arrest and detention (as well as the Cantera Psychiatry employees who allegedly conspired with them), the District Court in its discretion may choose to permit service of Plaintiff's pleadings on these individual Defendants as to Plaintiff's § 1983 false arrest and false imprisonment causes of action only. Plaintiff has failed to state a claim against any other Defendant as to any of the other asserted causes of action.

Plaintiff is therefore instructed to identify in his objections to this report and recommendation (*see* Section V *infra*) the individual officers he alleges arrested and detained him without probable cause, the individual Cantera Psychiatry employees he alleges conspired

<u>against him in effectuating the arrest, and sufficient facts demonstrating any alleged conspiracy between the state and private actors</u>.

## V. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of February, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE